FILED
RICHARD W. NAGEL
CLERK OF COURT
2019 APR 25  PH 4: 11
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV. DAYTON

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | No. 3:19-cr-78 |
| | : | Judge Thomas M. Rose |
| **Plaintiff,** | : | I N D I C T M E N T |
| | : | |
| **v.** | : | 18 U.S.C. § 666(a)(1)(B) |
| | : | |
| **JOEY D. WILLIAMS,** | : | |
| | : | |
| **Defendant.** | : | |

The Grand Jury charges:

<u>COUNT ONE</u>

[18 U.S.C. § 666(a)(1)(B)

I.  <u>INTRODUCTION</u>

At all times relevant to this Indictment:

1.   The City of Dayton was a local political subdivision of the State of Ohio that receives annually millions of dollars in funding from the United States.  More precisely, the City of Dayton received in excess of $10,000 in federal assistance from the United States between January 1, 2015 and December 31, 2015.

2.   A commission comprised of five members (hereinafter "the City Commission") governed the City of Dayton with the assistance of a city manager who oversaw the day-to-day operations of this municipality.  The members of the City

Commission exerted considerable influence over, and had the ability to approve, the awarding of certain contracts by the City of Dayton and its various component units.

3.   According to publicly available information – including audit records – CityWide Development Corporation ("CityWide") was a non-profit organization that functioned as a development and financing arm of the City of Dayton.  Given this relationship between these two entities, CityWide was a component unit of the City of Dayton.  In its financing and development capacity, CityWide routinely awarded thousands of dollars in contracts to private companies for the demolition of certain homes within the limits of the City of Dayton.

4.   From in or around 2001 through in or around February 2018, defendant **JOEY D. WILLIAMS** served as an elected commissioner of the City of Dayton.  Through his position, defendant **JOEY D. WILLIAMS** had the ability to exert influence and control over City of Dayton business, including matters relating to the awarding of contracts by its various component units, including CityWide.

5.   A person identified herein as Individual A operated businesses in southern Ohio that sought to obtain contracts with the City of Dayton.  Individual A's businesses had the ability

to provide a variety of services, including the completion of home improvement and construction projects.

II.   THE CORRUPT SOLICITATION, DEMAND AND ACCEPTANCE OF A THING OF VALUE INTENDING TO BE INFLUENCED AND REWARDED AS WELL AS THE EXECUTION OF THIS SCHEME

6.     Between on or about January 31, 2015 and on or about December 31, 2015, in the Southern District of Ohio, defendant **JOEY D. WILLIAMS** corruptly solicited, demanded, accepted and agreed to accept a thing of value involving $5,000 or more during that one year period intending to be influenced and rewarded in connection with a transaction and series of transactions of the City of Dayton involving $5,000 or more.

7.     During early 2015, defendant **JOEY D. WILLIAMS** and Individual A had discussions concerning difficulties Individual A confronted obtaining contracts or other work with the City of Dayton.  Contemporaneous with these conversations, defendant **JOEY D. WILLIAMS** indicated that he had a construction project that he hoped to complete at his personal residence.  As their conversations progressed, Individual A offered to complete this construction project at defendant **JOEY D. WILLIAMS'** home for a substantially discounted price.  Defendant **JOEY D. WILLIAMS** accepted this offer, understanding that, in return for these discounted services, Individual A anticipated that defendant

**JOEY D. WILLIAMS** would use his position with the City of Dayton to take official acts to influence and otherwise impact the awarding of city contracts to one of Individual A's businesses.

8.  Based, at least in part, on the significant free benefits that Individual A had provided to him, defendant **JOEY D. WILLIAMS** took official acts, intervening on behalf of Individual A with the City of Dayton.  For instance, defendant **JOEY D. WILLIAMS** exerted influence with City of Dayton employees as well as its affiliated entities, causing them to award contracts – both from CityWide and the City of Dayton – totaling in excess of $150,000 to one of Individual A's businesses.

9.  While intending to be rewarded and influenced, at least in part, in taking these actions on behalf of Individual A, defendant **JOEY D. WILLIAMS** continued to improperly solicit, demand and accept additional substantial things of value from Individual A – including further construction work.  In this manner, defendant **JOEY D. WILLIAMS** accepted from Individual A over $50,000 in free benefits, including cash payments as well as the construction of a patio at his home.

10.  Throughout this time, defendant **JOEY D. WILLIAMS** engaged in a pattern of activity to conceal and otherwise hide not only his corrupt intentions but also the things of value

that he had received from Individual A. For instance, defendant **JOEY D. WILLIAMS** demanded that Individual A provide a fraudulent invoice, falsely reflecting that defendant **JOEY D. WILLIAMS** personally had paid Individual A over $50,000 for the home improvement project. Similarly, defendant **JOEY D. WILLIAMS** sought and received thousands of dollars in cash from Individual A; defendant **JOEY D. WILLIAMS** then used this money to personally pay subcontractors who had performed work on his home improvement project. Defendant **JOEY D. WILLIAMS** engaged in these actions to create the false appearance that he, in fact, had paid for his construction project and to conceal that he had corruptly and improperly demanded, accepted and agreed to accept

//

//

//

//

//

//

//

//

//

//

a thing of value involving $5,000 or more during that one year period intending to be influenced and rewarded in connection with a transaction and series of transactions of the City of Dayton involving $5,000 or more.

In violation of Title 18, United States Code, Section 666(a)(1)(B).

A TRUE BILL

_____
Foreperson

BENJAMIN C. GLASSMAN
United States Attorney

_____
BRENT G. TABACCHI
Assistant United States Attorney

