UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:19-CR-78 |
| v. | : | Judge Rose |
| JOEY D. WILLIAMS, | : | **SENTENCING MEMORANDUM** |

Comes now Defendant, Joey D. Williams, by and through counsel Patrick J. Hanley, and respectfully submits this Memorandum in aid of sentencing.

**Introduction**

Mr. Williams was indicted on April 25, 2019, and charged with one-count of corruptly accepting $35,000 worth of work on his home from another person intending to be rewarded and influenced for using his official position as an elected Commissioner for the City of Dayton in helping that other person receive contracts with the City of Dayton, in violation of 18 U.S.C. Section 666(a)(1)(B). On September 27, 2019, he entered a plea of guilty to that charge. Sentencing is scheduled for January 29, 2020.

**The Offense Conduct**

The Offense Conduct as described by the Probation Officer in the Presentence Investigation Report is accurate and is accepted by Mr. Williams. In essence, Mr. Williams, having learned that the informant involved in the case was having difficulty obtaining work contracts with the City of Dayton, accepted the work done at his home at a substantially discounted price in exchange for helping the informant obtain work contracts with the City of Dayton.

**Presentence Investigation Report**

At Paragraph 29 of Presentence Investigation Report (PSR), The Probation Officer notes that Mr. Williams accepted responsibility for his actions and was "extremely regretful over the whole thing and realizes how wrong it was."

She then computed the Offense Level for the offense of Theft or Bribery Concerning Programs Receiving Federal Funds, a violation of 18 U.S.C. Section 666(a)(1)(B,) by referring to U.S.S.G. Section 2C1.1. Since Mr. Williams was a public official, the Base Offense Level was determined to be 14. (See Paragraph 33 of PSR).

She then arrived at Adjusted Offense Level of 22 (See Paragraph 39 of the PSR) by increasing Base Offense Level by 8 levels applying the Specific Offense Characteristics as follows: the net value of the work obtained by Mr. Williams was determined to be $28,000, U.S.S.G. Section 2C1.1(b)(2) which resulted in an increase of 4 levels, and because the offense involved an elected public official or any public official in a high-level decision-making or sensitive position, U.S.S.G. Section 2C1.1(b)(3) also required an increase of 4 levels.

The adjustment of a decrease of 3 levels due to Acceptance of Responsibility pursuant to U.S.S.G. Sections 3E1.1(a) and (b) resulted in a Total Offense Level of 19. (See Paragraph 43 of the PSR).

Mr. Williams has no criminal record recognized by the guidelines and therefore has no criminal history points.

Having determined that the Total Offense Level in this case was 19 and the Criminal History Category was I, the Probation Officer concluded the guideline imprisonment range was 30-37 months. She then recommended a sentence of 24 months as being a sentence sufficient, but

not greater than necessary, to comply with the factors of sentencing set forth in 19 U.S.C. Section 3553(a). (See the Sentencing Recommendation portion of the PSR).

**Defendant's Argument**

Undersigned counsel respectfully submits that, for the reasons set forth below, a sentence of probation is requested; however, should the Court decide that confinement is appropriate, counsel requests 12 months of home incarceration, as well as, restitution of $28,000, and a 2-year period of supervised release**.** Either sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. Section 3553(a).

Joey Williams is 53 years of age. Has been married to Natasha since 1994. They have two sons: Joey, who is 22 years old and a student at Central State University, and Jordan, who is a student at Ohio State University. Joey's father, Jack Williams , 77 years of age worked as a professor at Wilberforce University before his retirement, and his mother Jo Helen Williams, 75 years old, was a teacher and a school administrator. They have remained married all of Joey's life. All of these family members are shocked and dismayed by the indictment and Joey's plea of guilty but support him totally.

He was born and raised in Dayton. He graduated from Dayton Dunbar High School in 1984, then attended Central State University between 1984-1998 where he obtained a Bachelor of Science degree and majored in finance, and then attended Ohio State from 1988-1990 where he was awarded a Master's degree in Business Administration.

He has been employed in banking since his graduation from Ohio State. From 1990-1992 he worked for Comerica Bank in Detroit, Michigan; from 1992-1996 at PNC Bank in Dayton; he then was employed at Bank One which later merged with Chase Bank during the period of

1996-2013; then he was employed as a division manager at Citizens Bank from 2013 through October 2017; and finally at Key Bank from November 2017 until May 13, 2019. His employment at Key Bank was terminated as a result of this case.

Mr. Williams was first elected to the Dayton School Board and served in that capacity from 1993 though 2001. He was then elected and served as a City of Dayton Commissioner from 2002 through 2018. He has been an active participant in many community organizations including parenting organizations, community/police relations, and educational programs. Furthermore, he has been a member of the following organizations: Dayton Art Institute, the Dayton Philharmonic, the Wayman Church Scholarship committee, the Dayton United Way Board, Kettering Foundation Board, the Association for Corporate Growth Awards Committee, the Dayton Business Committee, the Cincinnati Museum Center Board, the Chamber of Commerce Board, Community Police Council, the Special Improvement District Board, and the Central State University President Search Committee.

In fashioning a sentence this Court must consider "the nature and circumstances of the offense and history and characteristics of the defendant."

It cannot be avoided- the nature and circumstances of the offense in question are serious. Mr. Williams was an elected official at the time and he accepted a benefit for performing certain services as that elected official.

The history and characteristics of the defendant are exemplary. Mr. Williams is 53 years old and, prior to this incident, has never been involved with the law. He has been a good father who, along with his wife, have raised two good boys. He is a long-time member of Wayman Chapel American Methodist Episcopal Church in Dayton. He has had a successful career as a

banker and has been involved extensively with the Dayton community as detailed above. Until this incident, he has been a model for what society expects of its citizens. He was proud of what he had accomplished and what he was doing for the City of Dayton. He is ashamed for what he did, its effects on his family, and the community. He has a deep remorse for his actions.

Section 3553(a)(2) then requires the sentence to comply with the following purposes:

(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) To afford adequate deterrence to criminal conduct; and,
(C) To protect the public from further crimes of the defendant.

It is respectfully submitted that a sentence of home incarceration would be sufficient to accomplish these purposes. Mr. Williams is now a convicted felon and will forever be labeled as such. His successful carrier as a banker has been forfeited and he will never be permitted to reacquire it. All that he was educated to do and did is lost as a result of this offense. His pride and self-worth from his professional accomplishments have also been lost.

In addition, the position he held as a respected member of the community has also been shattered. Significantly, he will never be viewed the same in the community and will forever feel the eyes of others on him in a disparaging way. In short, he will no longer be able to consider himself someone of accomplishment and stature. Certainly, he can recapture a certain amount of this by not allowing this conviction to overrun his life but he will have to fight and claw to earn the respect he has lost. Mr. Williams will also have to endure all of the collateral consequences of being a convicted felon and will have to comply with the period of home incarceration. The punishment for the offense in this case is significant. Moreover, it reflects the seriousness of the offense and promotes respect for the law. Incarceration as a punishment is vastly over utilized in this country and, except for violent offenders, is ineffective and not

worth the costs involved, especially for first time offenders. Those who are convicted have an incredible burden to cope with as detailed above without having to deal with the consequences of incarceration. When incarceration is added to the sentence, rehabilitation is beyond the capabilities of most. An individual like Mr. Williams does not require incarceration in order to achieve the purposes of sentencing.

All of the above consequences detailed above afford adequate deterrence to criminal conduct. Major portions of Mr. Williams' life that he enjoyed have been taken from him as a result of this offense. Losing his career as a banker, becoming known as a convicted felon, losing the status in the community as a respected individual, paying restitution, and having to endure the consequences of home-incarceration afford adequate deterrence in this case.

As far as protecting the public from further crimes of the defendant, there is little or no chance that there is any need to protect the public from further crimes of the defendant. He has not committed a crime previously. Moreover, he will never be in the position to commit the offense he has been convicted of.

**Summary**

Mr. Williams' accepts responsibility for the offense to which he pleaded guilty to. He is ashamed and is extremely remorseful. He feels he has disgraced his family and ruined his reputation in the community. He has paid a dear price to date. Incarceration is not warranted in this case. The punishment detailed above is sufficient to accomplish the purposes set forth in 18 U.S.C. Section 3553(a). Imposition of incarceration would be greater than necessary to accomplish those purposes.

The conviction and the attended collateral consequences; the consequent loss of a lifetime of professional achievement and community trust; the loss of reputation; and the overall burden of guilt and remorse; and, all of the other psychological and real consequences of being known as a convicted felon are punishment enough in this particular case.

For these reasons, the undersigned respectfully asks that the Court impose a sentence of 1 year of home-confinement.

Respectfully submitted,

/s/ Patrick J. Hanley
Patrick J. Hanley

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Sentencing Memorandum was filed electronically on December 18, 2019 with the Court using the Court's CM/ECF electronical system thus resulting in service on all parties in this action.

/s/ Patrick J. Hanley
Patrick J. Hanley